STATE OF NORTH CAROLINA v. LUKE EDWARD STILLER, JR., Defendant

No. COA03-214

(Filed 6 January 2004)

1. **Sexual Offenses— crime against nature—instruction—penetration by object**

The trial court did not err in a multiple second-degree rape and crime against nature case by its instruction on crime against nature, because: (1) while no case in our State has specifically included penetration of the genital opening by an object in its definition of crime against nature, such an act is consistent with the language of *State v. Joyner*, 295 N.C. 55 (1978); and (2) defendant failed to object to the instructions when given, and the instructions did not arise to the level of plain error.

**2. Appeal and Error— preservation of issues—failure to make offer of proof**

Although defendant contends the trial court erred in a multiple second-degree rape and crime against nature case by sustaining the State's objection to evidence of defendant's good character, defendant failed to preserve this issue for appellate review because: (1) defendant failed to make an offer of proof as to what the witness would have said; and (2) the content and relevance of the excluded testimony are not evident from the context of the questioning.

Appeal by defendant from judgments entered 9 May 2002 by Judge W. Erwin Spainhour in the Superior Court in Cabarrus County. Heard in the Court of Appeals 20 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Diane G. Miller, for the State.*

*Miles & Montgomery, by Mark Montgomery, for the defendant-appellant.*

HUDSON, Judge.

Defendant was charged with sexual misconduct with his son, stepdaughter and niece, some twenty-five years before the trial. A jury found defendant guilty of eight counts of second-degree rape and eleven counts of crime against nature, and the court entered judgment 9 May 2002. Defendant appeals, alleging the court erred in the jury instructions on crime against nature and sustaining the State's objections to evidence of defendant's good character. For the reasons discussed below, we find no prejudicial error.

The State's evidence tended to show that Anita Stiller Blackwelder, defendant's estranged stepdaughter, after seeing him with a little girl at a family funeral, recalled that defendant molested her as a child and she went to the police. Ms. Blackwelder testified that defendant had forced her to engage in various sexual acts with himself and with her brother, Richard. Defendant's niece, son, and two other women also testified that, when they were children, defendant had sexually assaulted them or forced them to engage in sexual activity with each other.

Defendant testified in his own behalf, denying the charges against him. Patricia Simmons, defendant's former live-in companion, testi-

fied for defendant. Ms. Simmons and her young daughter, the child Ms. Blackwelder saw at the funeral with defendant, lived with defendant for two years. After the Department of Social Services contacted Ms. Simmons, she had her daughter examined for sexual abuse, but no evidence of abuse was found. Defendant's cousin and a family friend who spent time with defendant as a child testified that defendant had never been inappropriate with them. The jury convicted defendant of eight counts of second-degree rape and eleven counts of crime against nature, and defendant appeals.

**[1]** Defendant first argues that the jury instructions on crime against nature were erroneous and allowed for his conviction on an improper theory. In charging the jury, the court defined a crime against nature as follows:

> An unnatural sexual act would include cunnilingus, which is any touching, however slight, by the lips or tongue of one person to any part of the female sex organ of another; fellatio which is any touching by the lips or tongue of one person to the male sex organ of another and *any penetration, however slight, by an object, such as a piece of candy, into the genital opening of a person's body.*

While this jury instruction is consistent with the pattern instruction on crime against nature, defendant argues that this offense is limited to oral and anal sex, and thus, the final part of the instruction given, regarding penetration, was error. For the reasons discussed below, we disagree.

Crime against nature is defined by the common law and interpreted by our courts. At the time of these offenses in 1976 and 1977, crime against nature was defined to "include[] all kindred acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified." *State v. Harward,* 264 N.C. 746, 746, 142 S.E.2d 691, 692 (1965). Our Supreme Court has stated that "though penetration by or of a sexual organ is an essential element of the crime, the crime against nature is not limited to penetration by the male sexual organ." *State v. Joyner,* 295 N.C. 55, 66, 243 S.E.2d 367, 374 (1978) (internal citations omitted). Instead, the offense is broad enough to include all forms of oral and anal sex, as well as unnatural acts with animals. *Id.* While no case in our State has specifically included penetration of the genital opening by an object in its definition of crime against nature, such an act is entirely consistent with

the language of *Joyner*. Thus, we do not believe the court's instruction was erroneous.

In addition, defendant failed to object to the instructions when given. Thus, even were the instruction in error, our review would be limited to plain error. "[T]o reach the level of 'plain error' . . ., the error in the trial court's jury instructions must be so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Collins*, 334 N.C. 54, 62, 431 S.E.2d 188, 193 (1993) (internal quotation marks omitted). In light of the entire record of consistent testimony from numerous victims and witnesses, any possible error in the instructions probably had no effect on the jury's finding of guilt. This assignment of error is without merit.

[2] In his second argument, defendant argues it was error for the court to sustain the State's objection to evidence of defendant's good character. We disagree.

Defendant called Patricia Simmons, his former live-in companion, to the stand and asked her the following questions:

Q. [BY DEFENSE COUNSEL] Do you still reside in Mr. Stiller's home?

A. No.

Q. You decided about whether or not you would if he got out?

[STATE'S OBJECTION SUSTAINED]

Q. You moved out from his residence.

A. Yes.

Q. Is that fair to say?

A. Yes.

Q. What would be your concerns about letting Dominique [her daughter] be around Mr. Stiller, if any, at this point following the medical examination?

[STATE'S OBJECTION SUSTAINED]

Following the State's cross-examination of Ms. Simmons, defendant on redirect asked, "Is [your moving out] because of anything that you're aware or [sic] that you believe Mr. Stiller did that caused you to move out?" The State's objection was again sustained.

Defendant contends that the court prevented him from putting his character in issue, by offering evidence of good character from Ms. Simmons. However, defendant failed to make an offer of proof as to what Ms. Simmons would have said, and thus, has failed to preserve this issue for appellate review. "To prevail on a contention that evidence was improperly excluded, either a defendant must make an offer of proof as to what the evidence would have shown or the relevance and content of the answer must be obvious from the context of the questioning." *State v. Geddie*, 345 N.C. 73, 95, 478 S.E.2d 146, 157, *cert. denied*, 522 U.S. 825, 139 L. Ed. 2d 43 (1996).

Defendant contends that it is obvious from the context of the questions that Ms. Simmons' excluded answers would have reflected her lack of concern about her daughter living with defendant and that she did not move out of his home because of such concerns. We disagree, finding that the content and relevance of the excluded testimony are not evident from the context of the questioning. *See State v. Hipps*, 348 N.C. 377, 406, 501 S.E.2d 625, 643 (1998), *cert. denied*, 525 U.S. 1180, 143 L. Ed. 2d 114 (1999) (finding no error where "[a]fter the objection was sustained, defendant's counsel did not rephrase the question or make an offer of proof as to how [the witness] would have answered. . . .").

No prejudicial error.

Judges TYSON and STEELMAN concur.