STATE OF NORTH CAROLINA v. TERESA DARLENE POPE

No. COA04-251

(Filed 15 February 2005)

**Sexual Offenses— crimes against nature—prostitution and public conduct**

The United States Supreme Court opinion in *Lawrence v. Texas*, 539 U.S. 558 (2003), did not render North Carolina's crime against nature statute under N.C.G.S. § 14-177 unconstitutional, and this case is remanded to affirm the superior court's order reversing the district court's dismissal of the four charges of solicitation of a crime against nature based upon defendant's encounter with undercover police officers in which she indicated that she would perform oral sex in exchange for money, because the United States Supreme Court expressly excluded prostitution and public conduct from its holding.

Appeal by defendant from an order entered 16 October 2003 by Judge Robert P. Johnston in Catawba County Superior Court. Heard in the Court of Appeals 3 November 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Carlton, Rhodes & Carlton, by Gary C. Rhodes, for defendant-appellant.*

HUNTER, Judge.

In this appeal, this Court must decide whether the United States Supreme Court opinion in *Lawrence v. Texas*, 539 U.S. 558, 156 L. Ed. 2d 508 (2003) renders North Carolina's crime against nature statute, N.C. Gen. Stat. § 14-177, unconstitutional. For the reasons stated herein, it did not.

Teresa Pope ("defendant"), was charged with four counts of solicitation of a crime against nature, based upon her encounter with undercover police officers in which she indicated she would perform oral sex in exchange for money. She was also charged with one count of solicitation of prostitution to which she entered a plea of guilty. However, pursuant to a defense motion, the district court dismissed the four charges of solicitation of a crime against nature on the basis that *Lawrence v. Texas* rendered the charges unconstitutional. The

**STATE v. POPE**

[168 N.C. App. 592 (2005)]

State appealed the dismissal to the superior court, and the superior court reversed the district court's dismissal. The superior court certified the interlocutory order for immediate appellate review.

Defendant was charged with the misdemeanor offense of solicitation of a crime against nature. *See State v. Tyner*, 50 N.C. App. 206, 272 S.E.2d 626 (1980) (indicating solicitation of a crime against nature is a misdemeanor offense). She contends that the charges should be dismissed because *Lawrence v. Texas* precludes the prosecution of her for solicitation of a crime against nature, to wit: offering to perform oral sex for money.

N.C. Gen. Stat. § 14-177 (2003) states: "Crime against nature. If any person shall commit the crime against nature, with mankind or beast, he shall be punished as a Class I felon." As explained by our Supreme Court:

> The crime against nature is sexual intercourse contrary to the order of nature. It includes acts with animals and acts between humans *per anum* and *per os*. "[O]ur statute is broad enough to include in the crime against nature other forms of the offense than sodomy and buggery. It includes all kindred acts of a bestial character whereby degraded and perverted sexual desires are sought to be gratified."

*State v. Harward*, 264 N.C. 746, 746, 142 S.E.2d 691, 692 (1965) (citations omitted); *see also State v. Stiller*, 162 N.C. App. 138, 140, 590 S.E.2d 305, 307 (2004) (stating the offense of crime against nature "is broad enough to include all forms of oral and anal sex, as well as unnatural acts with animals").

In *Lawrence v. Texas*, 539 U.S. 558, 156 L. Ed. 2d 508, the United States Supreme Court overturned its decision in *Bowers v. Hardwick*, 478 U.S. 186, 92 L. Ed. 2d 140 (1986). In *Bowers*, the United States Supreme Court sustained a Georgia law that made it a criminal offense to engage in sodomy, whether the participants were of the same sex or not. In overruling *Bowers*, the United States Supreme Court

> recognized that "liberty gives substantial protection to adult persons in deciding how to conduct their private lives in matters pertaining to sex" and held that the Texas statute [at issue] furthered "no legitimate state interest which can justify its intrusion into the personal and private life of the individual." *Lawrence v. Texas*, 539 U.S. at 572, 578. The Court noted that

as a "general rule," government should not attempt to define the meaning or set the boundaries of a personal relationship "absent injury to a person or abuse of an institution the law protects." 539 U.S. at 567.

*State v. Van*, 688 N.W.2d 600, 613 (Neb. 2004). Therefore, the *Lawrence* Court held that the Due Process Clause of the Fourteenth Amendment protects the right of two individuals to engage in fully and mutually consensual private sexual conduct.

However, the *Lawrence* Court limited its holding when it stated:

The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. It does not involve *public conduct or prostitution*. It does not involve whether the government must give formal recognition to any relationship that homosexual persons seek to enter.

*Lawrence*, 539 U.S. at 578, 156 L. Ed. 2d at 525 (emphasis added); *see also State v. Clark*, 161 N.C. App. 316, 588 S.E.2d 66 (2003) and *State v. Oakley*, 167 N.C. App. 318, 605 S.E.2d 215 (2004) (indicating this limiting language in *Lawrence* narrows the constitutional effect of the holding in *Lawrence*). As the *Lawrence* Court expressly excluded prostitution and public conduct from its holding, the State of North Carolina may properly criminalize the solicitation of a sexual act it deems a crime against nature.

Accordingly, we affirm the superior court's order reversing the district court's dismissal of the four charges of solicitation of a crime against nature. This case is remanded to the superior court for remand to the district court for trial.

Affirmed and remanded.

Judges CALABRIA and LEVINSON concur.