IN THE MATTER OF R.L.C.

No. 531A06

(Filed 4 May 2007)

1. **Appeal and Error— appeal from Court of Appeals to Supreme Court—dissent—issues properly before the Court**

    In determining the issues properly before the Supreme Court in an appeal based upon a dissent, the Supreme Court considers whether the issue was raised at trial and in the Court of Appeals, whether the error was properly assigned in the record on appeal, and whether the issue was a point of dispute set out in the dissenting opinion of the Court of Appeals. Moreover, the issue must be stated in the notice of appeal and properly argued and presented in the appellant's new brief. The Supreme Court here declined to address arguments concerning equal protection or the facial validity of the North Carolina crime against nature statute.

2. **Appeal and Error— appeal from Court of Appeals to Supreme Court—dissent—commingled issues**

    Arguments concerning statutory construction and the constitutionality of applying the crime against nature statute to the juveniles without an age requirement were so intertwined by the defendant and the Court of Appeals' dissent that both were heard, even though it was not clear that the constitutionality argument was a basis for the dissent. There is no prejudice to the State, which argued the issue below and addressed it in the alternative in its brief.

3. **Juveniles; Sexual Offenses— delinquency—crime against nature—no age differential**

    A juvenile's actions violated the crime against nature statute, N.C.G.S. § 14-177, even though the two juveniles were only about two years apart in age. The crime against nature statute does not

**IN RE R.L.C.**

[361 N.C. 287 (2007)]

contain an age differential and it is clear that the plain language of the statute encompasses this activity. Although other statutes dealing with sexual activity by minors have an age differential, an age requirement will not be judicially imposed on N.C.G.S. § 14-177. The other statutes prohibit similar acts, but do not apply, due to the lesser age difference in this case.

**4. Juveniles; Sexual Offenses— crime against nature statute—not unconstitutional as applied to juveniles**

Application of the crime against nature statute to a juvenile was not unconstitutional in this case. *Lawrence v. Texas*, 539 U.S. 558, noted that it did not involve minors, and found that a sodomy statute furthered no legitimate state interest which could justify its intrusion into personal life. Preventing sexual conduct between minors furthers a legitimate government interest and application of the crime against nature statute is a reasonable means of promoting that interest.

Justice MARTIN concurring in the result.

Justice EDMUNDS joins in this concurring opinion.

Justice TIMMONS-GOODSON dissenting.

Justice HUDSON joins in this dissenting opinion.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 179 N.C. App. 311, 635 S.E.2d 1 (2006), finding no error in juvenile adjudication and disposition orders entered 15 February 2005 by Judge G. Wayne Abernathy in District Court, Alamance County. Heard in the Supreme Court 15 February 2007.

*Roy Cooper, Attorney General, by Amy C. Kunstling, Assistant Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, and Constance E. Widenhouse, Assistant Appellate Defender, for respondent-appellant.*

*Michael Kent Curtis, Shannon Gilreath, and Robert N. Hunter, Jr. for the North Carolina Academy of Trial Lawyers and American Civil Liberties Union of North Carolina, amici curiae.*

*Theresa A. Newman for Erwin Chemerinsky, amicus curiae.*

## IN RE R.L.C.

[361 N.C. 287 (2007)]

BRADY, Justice.

In this case we determine whether a juvenile may be adjudicated delinquent based upon his violation of the crime against nature statute. We hold that he may and accordingly affirm the decision of the Court of Appeals.

## FACTUAL BACKGROUND

The evidence presented at the juvenile trial tended to show that defendant R.L.C. and O.P.M were dating in the spring and summer of 2003. At the time the two were dating, R.L.C. was fourteen years old and O.P.M. was twelve years old. During this relationship, the two juveniles had sexual intercourse and engaged in two separate incidents of fellatio in or around July and August of 2003 in the back seat of O.P.M.'s mother's sport utility vehicle, which was parked in a bowling alley parking lot. O.P.M.'s parents were inside bowling at the time of the sexual activity.

Over a year after the juveniles' relationship ended, Alamance County Sheriff's Deputy Bobby Baldwin investigated a fight between O.P.M. and another student at her school. During this investigation, O.P.M. informed him of her sexual conduct with R.L.C. Deputy Baldwin questioned R.L.C., who admitted O.P.M. had performed fellatio on him "two [or] three times."

## PROCEDURAL BACKGROUND

On 9 November 2004, three separate juvenile petitions were filed alleging that R.L.C. was delinquent for committing a "crime against nature with [O.P.M]" in violation of N.C.G.S. § 14-177. The case was heard at the 20 December 2004 and 6 January 2005 juvenile sessions of Alamance County District Court. After hearing evidence and arguments of counsel, the trial court dismissed one of the juvenile petitions due to insufficient evidence and entered a Juvenile Adjudication Order finding R.L.C. delinquent. The trial court entered a Disposition Order imposing a sentence of six months of unsupervised probation and also ordered that R.L.C. not have any contact with O.P.M. R.L.C. appealed both orders to the Court of Appeals which, in a divided opinion, found no error in the trial court's actions. Based upon the existence of a dissent in the Court of Appeals, R.L.C. appealed as of right to this Court.

**IN RE R.L.C.**

[361 N.C. 287 (2007)]

## THE RECORD ON APPEAL AND TRANSCRIPT

We note at the outset that R.L.C.'s full name appears in the record in at least three places, despite the requirements of Rule of Appellate Procedure 3. Additionally, it appears that the transcript was not submitted to the Court in a signed, sealed envelope as required by Rule of Appellate Procedure 9(c). Accordingly, we have issued an order *ex mero motu* sealing the transcript in accordance with Rule 9 and amending the record on appeal to complete the redaction of the information that identifies the juveniles.

## ISSUES PRESENTED

[1] Broadly speaking, the issue before us is whether R.L.C. may be adjudicated delinquent based upon his violation of the crime against nature statute. In determining which specific issues are properly before the Court in an appeal based upon a dissent, we must consider whether the issue was raised at the trial court and the Court of Appeals, whether the error was properly assigned in the record on appeal, and whether the issue was a point of dispute set out in the dissenting opinion of the Court of Appeals. *See* N.C. R. App. P. 10(a) (stating that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this [rule]"); N.C. R. App. P. 16(b) ("Where the sole ground of the appeal of right is the existence of a dissent in the Court of Appeals, review by the Supreme Court is limited to a consideration of those questions which are [] specifically set out in the dissenting opinion as the basis for that dissent . . . ."); *State v. Benson*, 323 N.C. 318, 321-22, 372 S.E.2d 517, 518-19 (1988) (stating that constitutional issues raised for the first time on appeal should not be reviewed on the merits). Moreover, to be properly presented, the issue must be stated in the notice of appeal and properly argued and presented in the appellant's new brief. *See* N.C. R. App. P. 16(b). Otherwise, unless an alternative form of review has been allowed by this Court, such as through a petition for discretionary review or a petition for writ of certiorari, only those issues presented in accordance with the rules referenced above are properly before the Court.

Turning now to the specific issues presented in this case, amici encourage us to invalidate R.L.C.'s adjudication based upon either equal protection concerns or because the North Carolina crime against nature statute is facially invalid after the decision in

*Lawrence v. Texas*, 539 U.S. 558 (2003). However, these issues were not argued at trial, argued at the Court of Appeals, specifically set out in the dissenting opinion in the Court of Appeals, presented in the notice of appeal, contained in the assignments of error, or argued in R.L.C.'s new brief before this Court. Accordingly, we decline to address these issues or express any opinion on their merits.

[2] The juvenile R.L.C. has interwoven his argument that normal rules of statutory construction would require us to vacate his adjudication with his argument that if those rules are not followed, the crime against nature statute is unconstitutional as applied. These arguments have been commingled to the point that they cannot easily be separated. The same could be said for the dissenting opinion in the Court of Appeals. The dissent's conclusion asserts: "In sum, I would hold that the General Assembly did not intend that the conduct of respondent and O.P.M. be subject to criminal regulation." *In re R.L.C.*, — N.C. App. —, —, 635 S.E.2d 1, 8 (Elmore, J., dissenting). From that statement we would be inclined to rule only upon matters of statutory construction. However, in the preceding paragraph the dissent states: "[W]e disagree with the State that all conduct between minors may be regulated by the crime against nature statute, without regard to the circumstances. . . . [O]ur General Assembly has dictated that there is no legitimate state interest in the regulation of minors less than three years apart in age, absent the use of force." *Id.* at —, 635 S.E.2d at 8 (Elmore, J., dissenting). This language, while speaking of legislative intent, is also fraught with substantive due process connotations such as "legitimate state interest."

Whether it would be unconstitutional to apply the crime against nature statute to R.L.C. without first imposing some sort of age separation requirement was raised at the trial level, was properly assigned as error, was argued before the Court of Appeals, and has been presented in new briefs before this Court. However, it is unclear from reading the dissenting opinion in the Court of Appeals that the issue is a "basis for that dissent." N.C. R. App. P. 16(b). Because the issue of statutory construction has been intertwined with the argument that a contrary reading of the statute as applied to R.L.C. violates due process, we will address both of these issues separately. We note that addressing the as-applied constitutional issue would not prejudice the State, as the State argued this issue in the lower tribunals and has addressed it on the merits in the State's New Brief as an alternative to its assertion that the issue is procedurally barred.

**IN RE R.L.C.**

[361 N.C. 287 (2007)]

Accordingly, we determine that the issues properly before the Court are: (1) whether principles of statutory construction prohibit adjudicating R.L.C. as delinquent; and (2) whether failing to follow the dissent's statutory construction renders the crime against nature statute unconstitutional as applied to R.L.C.

## ANALYSIS

## I. STATUTORY CONSTRUCTION

[3] R.L.C. contends that this Court should reverse the Court of Appeals because "[c]ontrolling principles of statutory construction" require a reviewing court to analyze the crime against nature statute *in pari materia* with other statutes that criminalize similar activity such as the statutory rape, statutory sex offense, and indecent liberties between minors statutes. The crux of R.L.C.'s argument is because these statutes include some measure of age differential between the actors involved among their elements, the General Assembly must not have intended any minor be convicted of any consensual sexual crime unless some minimum age differential exists. Therefore, R.L.C.'s position is he may not be adjudicated delinquent based upon his violation of the crime against nature statute because he is not more than three years older than O.P.M.

This Court determines matters of statutory construction as follows:

> When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required. *See Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment. *See Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs of Town of Nags Head*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) ("The best indicia of that intent are the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish.").

*Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006). Moreover, when confronted with a clear and unambiguous statute, courts "are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978).

**IN RE R.L.C.**

[361 N.C. 287 (2007)]

The law from which North Carolina's crime against nature statute is derived is older than our nation, tracing its roots back to the reign of King Henry VIII in 1533. 1 *Laws of the State of North Carolina* 90 (Raleigh, Henry Potter 1821). The currently codified statute states: "If any person shall commit the crime against nature, with mankind or beast, he shall be punished as a Class I felon." N.C.G.S. § 14-177 (2005). This Court has held that the crime against nature includes fellatio. *See State v. Harward*, 264 N.C. 746, 746, 142 S.E.2d 691, 692 (1965). The question we must now answer is whether acts of consensual fellatio between R.L.C. and O.P.M. fall within the activity proscribed by the statute. The statute itself contains no age element. Instead the statute's coverage is broad, namely "any person." It is clear that the plain language of the statute encapsulates the activity of R.L.C. and O.P.M. and makes such action criminal.

Nonetheless, R.L.C. argues that this Court must harmonize the crime against nature statute with other statutes that criminalize certain sexual conduct among minors such as N.C.G.S. §§ 14-27.2(a)(1), 14-27.4(a)(1), 14-27.7A, and 14-202.2. In pertinent part, section 14-27.2 provides:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim . . . .

N.C.G.S. § 14-27.2 (2005). Section 14-27.4 provides in pertinent part:

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim . . . .

*Id.* § 14-27.4 (2005). A "sexual act" is defined in part as "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse." *Id.* § 14-27.1(4) (2005). Additionally, section 14-27.7A prohibits, *inter alia*, "vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is more than four but less than six years older than the person, except when the defendant is lawfully married to the person." N.C.G.S. § 14-27.7A(b) (2005). N.C.G.S. § 14-202.2(a) provides:

(a) A person who is under the age of 16 years is guilty of taking indecent liberties with children if the person either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex who is at least three years younger than the defendant for the purpose of arousing or gratifying sexual desire.

*Id.* § 14-202.2(a) (2005). Because these criminal statutes have age differential requirements, R.L.C. argues the General Assembly intended that no sex act between minors less than three years apart in age be criminal.

When determining the meaning of a statute, the purpose of viewing the statute *in pari materia* with other statutes is to harmonize statutes of like subject matter and, if at all possible, give effect to each. *See Rhyne v. K-Mart Corp.*, 358 N.C. 160, 188, 594 S.E.2d 1, 20 (2004); *Lutz v. Gaston Cty. Bd. of Educ.*, 282 N.C. 208, 219, 192 S.E.2d 463, 471 (1972). R.L.C.'s proposed statutory construction would produce the opposite of the goal of *in pari materia* analysis. Rather than giving effect to both the crime against nature statute and the other statutes listed above, R.L.C. would have us give effect to statutes containing age differential requirements while disregarding a statute that does not, in essence rendering the crime against nature statute useless and redundant. *See Town of Pine Knoll Shores v. Evans*, 331 N.C. 361, 336, 416 S.E.2d 4, 7 (1992) (stating that this Court follows "the maxims of statutory construction that words of a statute are not to be deemed useless or redundant"). We will not judicially impose an age differential element into the crime against nature statute. The crime against nature statute prohibits *exactly* the actions committed by R.L.C. The other statutes mentioned prohibit similar acts, but due to the lesser age difference between R.L.C. and O.P.M., they do not apply to any of the acts committed by R.L.C. Therefore, the statutes that contain age differentials did not constrain R.L.C.'s sexual activity in this instance. However, the crime against nature statute did. Accordingly, we hold R.L.C.'s actions vio-

lated the crime against nature statute, which does not contain any age differential element.

## II. R.L.C.'S "AS APPLIED" DUE PROCESS CHALLENGE

[4] R.L.C.'s second argument is that if the Court does not adopt his statutory construction of the crime against nature statute, then that statute is unconstitutional as applied to him. R.L.C. does not contend his asserted right is fundamental. Therefore, the question we must answer is whether there exists a legitimate government interest in penalizing the type of conduct involved in this case. *See Washington v. Glucksberg*, 521 U.S. 702, 728 (1997); *Rhyne*, 358 N.C. at 180-81, 594 S.E.2d at 15.

When determining whether a rational basis exists for application of a law, we must determine whether the law in question is rationally related to a legitimate government purpose. *See Glucksberg*, 521 U.S. at 728; *Rhyne*, 358 N.C. at 180-81, 594 S.E.2d at 15. That is, the government's objective must be legitimate, and the means used by the government must be reasonable to serve that legitimate goal. *See Glucksberg*, 521 U.S. at 728 n.21 ("Our inquiry, however, is limited to the question whether the State's prohibition is rationally related to legitimate state interests."). It is not necessary for courts to determine the actual goal or purpose of the government action at issue; instead, any conceivable legitimate purpose is sufficient. *See U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980) (stating that there is no requirement "that a legislative body articulate its reasons for enacting a statute").

One plausible legitimate purpose for penalizing the activity of R.L.C. and O.P.M. at issue is the government's interest in preventing sexual conduct between minors. R.L.C. argues against a broad application and enforcement of this governmental interest, asserting such actions would be improper under *Lawrence v. Texas*, 539 U.S. 558 (2003). *Lawrence* held unconstitutional a Texas sodomy statute used to convict two adult men engaged in private, consensual homosexual conduct. *Id.* at 578. In doing so, the Supreme Court of the United States found that the statute in question "furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." *Id.* However, *Lawrence* is distinguishable from the instant case by the very language of *Lawrence*. The Court noted in *Lawrence* that "[t]he present case does not involve minors." *Id.* This juvenile case does involve minors.

**IN RE R.L.C.**

[361 N.C. 287 (2007)]

Besides the goal of promoting proper notions of morality among our State's youth, the government's desire for a healthy young citizenry underscores the legitimacy of the government's interest in prohibiting the commission of crimes against nature by minors. Like vaginal intercourse, non-vaginal sexual activity carries with it the risk of sexually transmitted diseases. *See* Ctrs. for Disease Control & Prevention, *HIV/AIDS Update* (Dec. 2000). ("Numerous studies have demonstrated that oral sex can result in the transmission of HIV and other sexually transmitted diseases (STDs)." (emphasis omitted)). Moreover, many minors, especially those in their most formative years, are unable to make reasoned decisions based upon their limited life experience and education whether to engage in these sexual activities. Not only do these decisions physically affect and potentially endanger the minors, there may be psychological implications as well. We hold that preventing sexual conduct between minors furthers a legitimate government interest and application of the crime against nature law in cases such as the one *sub judice* is a reasonable means of promoting that legitimate interest.

## CONCLUSION

Because the actions of R.L.C. fall within the ambit of the conduct prohibited by the crime against nature statute, and because the application of the crime against nature statute to R.L.C. in this case does not run afoul of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice MARTIN concurring in the result.

I concur in the majority's conclusion that the Court of Appeals correctly affirmed the trial court's adjudication of delinquency. I write separately, however, to emphasize that the statutory question, as framed by the majority and dissenting opinions, is resolved by application of the basic principle that we do not apply canons of statutory construction, including the doctrine of *in pari materia*, when the plain meaning of the statute is evident on its face.

It is axiomatic that " '[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.' " *In re Estate of Lunsford*, 359 N.C. 382, 391-92, 610 S.E.2d 366, 372 (2005)

**IN RE R.L.C.**

[361 N.C. 287 (2007)]

(alteration in original) (quoting *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)); *see also Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006); *James v. Bartlett*, 359 N.C. 260, 267, 607 S.E.2d 638, 642 (2005); *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001); *Spruill v. Lake Phelps Vol. Fire Dep't, Inc.*, 351 N.C. 318, 320, 523 S.E.2d 672, 674 (2000); *Smith Chapel Baptist Church v. City of Durham*, 350 N.C. 805, 811, 517 S.E.2d 874, 878 (1999); *State v. Bates*, 348 N.C. 29, 34-35, 497 S.E.2d 276, 279 (1998).

When a statute is plain and unambiguous on its face, the courts "are without power to interpolate, or superimpose, provisions and limitations not contained" in the statute itself. *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974) (internal quotation marks omitted). Moreover, "[i]n such event, it is our duty to apply the statute so as to carry out the intent of the Legislature, irrespective of any opinion we may have as to its wisdom or its injustice" to the parties involved, "unless the statute exceeds the power of the Legislature under the Constitution." *Peele v. Finch*, 284 N.C. 375, 382, 200 S.E.2d 635, 640 (1973). *See also Philip Morris USA, Inc. v. Tolson*, 176 N.C. App. 509, 516, 626 S.E.2d 853, 859 (2006) (holding that "the rules of statutory construction, including the rule of *in pari materia*, do not apply in determining the meaning" of plain and unambiguous provisions), *appeal dismissed and disc. review denied*, —— N.C. ——, —— S.E.2d ——, 2007 N.C. LEXIS 304, 2007 WL 1063313 (Mar. 8, 2007) (No. 191P06); *accord People v. Honig*, 48 Cal. App. 4th 289, 327-28, 55 Cal. Rptr. 2d 555, 576-77 (Ct. App. 1996); *Ind. Alcoholic Beverage Comm'n v. Baker*, 153 Ind. App. 118, 127, 286 N.E.2d 174, 179-80 (Ct. App. 1972); *N. Baton Rouge Publ'g Co. v. Rester*, 218 La. 414, 418, 49 So. 2d 744, 746 (1950); *Lloyd v. Dir. of Revenue*, 851 S.W.2d 519, 521 (Mo. 1993) (en banc); *State v. Krutz*, 28 Ohio St. 3d 36, 37-38, 502 N.E.2d 210, 211 (1986), *cert. denied*, 481 U.S. 1028 (1987); *McFarland Estate*, 377 Pa. 290, 296-97, 105 A.2d 92, 95-96 (1954).

Application of this cardinal principle to N.C.G.S. § 14-177, which unambiguously classifies "any person" who "commit[s] the crime against nature, with mankind or beast" as a Class I felon, requires us to apply the statute as written. As the juvenile himself concedes in his brief before this Court, "[t]he soundness of this public policy is the exclusive province of the General Assembly." Accordingly, I concur in the result of the majority opinion.

Justice EDMUNDS joins in this separate opinion.

**IN RE R.L.C.**

[361 N.C. 287 (2007)]

Justice TIMMONS-GOODSON dissenting.

Because I believe that the North Carolina General Assembly did not intend that the conduct engaged in by R.L.C. and O.P.M. be subject to criminal prosecution, I respectfully dissent.

The question before this Court is not whether we are offended or concerned by the notion that a twelve-year-old and a fourteen-year-old have engaged in sexual misconduct. Sexual activity by young people with "limited life experience and education" *is* troubling. That observation, however, does not dictate the outcome of this case.

The majority and concurring opinions assert the legal axiom that when a statute's plain meaning is evident on its face no further interpretation is necessary. Just as constant in our law is the axiom that " 'where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded.' " *Mazda Motors of Am., Inc. v. Sw. Motors, Inc.*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979) (quoting *State v. Barksdale*, 181 N.C. 621, 625, 107 S.E. 505, 507 (1921)).

"The object of all interpretation is to determine the intent of the lawmaking body." *State v. Humphries*, 210 N.C. 406, 410, 186 S.E. 473, 476 (1936). There is often a thin line between interpreting the laws as intended by the legislature and "legislating from the bench." Even this Court's relatively close physical proximity to the legislative halls does not make this role any easier. That said, North Carolina courts have developed rules of construction to serve as guideposts for statutory interpretation. One such "settled rule of construction . . . requires that all statutes relating to the same subject matter shall be construed *in pari materia* and harmonized if this end can be attained by any fair and reasonable interpretation." *Faulkner v. New Bern-Craven Cty. Bd. of Educ.*, 311 N.C. 42, 58, 316 S.E.2d 281, 291 (1984) (citations omitted).

I agree with the majority that a literal interpretation of the crime against nature statute requires that R.L.C.'s delinquency adjudication be affirmed. My disagreement with the majority stems from an understanding that rules of statutory construction articulated by this Court demand a different result. In the instant case, I believe that affirming R.L.C.'s delinquency adjudication results in a contravention of the General Assembly's intent.

The North Carolina General Assembly has made explicit its intent regarding the criminalization of consensual sexual conduct between minors in several statutes, each of which includes an age difference of at least three years. *See* N.C.G.S. §§ 14-27.2(a)(1); -27.4(a)(1); -27.7A; -202.2 (2005). More specifically, the legislature has decided that it is not a crime for minors less than three years apart in age to engage in consensual sexual intercourse, indecent liberties, or lewd or lascivious acts. Because R.L.C. and O.P.M. are two years and ten months apart in age, their conduct was not criminal pursuant to any of these statutes.

The application of the crime against nature statute to the conduct of R.L.C. and O.P.M. clearly conflicts with the intent underlying the more specific statutes governing consensual sexual conduct between minors. Construing the statutes *in pari materia* so that the age differences established in the statutes governing consensual sexual conduct between minors also apply to the crime against nature statute results in a fair and reasonable outcome that is in line with the intent of the North Carolina General Assembly.

Because I believe that the North Carolina General Assembly did not intend to criminalize the conduct engaged in by R.L.C. and O.P.M., I would reverse the Court of Appeals opinion. Therefore, I respectfully dissent.

Justice HUDSON joins in this dissenting opinion.