No. 91–7051. FEIJOO TOMALA v. UNITED STATES. C. A. 2d Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE THOMAS joins, dissenting.

The issue in this case is whether the trial court erred in instructing a jury that petitioner could be convicted for importing illegal drugs if she consciously avoided knowledge that drugs were concealed in a suitcase she was carrying.

Petitioner, who had just arrived from Ecuador with her two young daughters, was arrested at Kennedy International Airport when a Customs inspector found three kilograms of cocaine in a hidden compartment of a suitcase. She was charged with importing cocaine into the United States in violation of 21 U. S. C. § 952(a). At trial, petitioner defended on the theory that she had been unwittingly duped into serving as a drug courier. She testified that a woman had approached her at the Ecuador airport, identified herself as Maria Alcivar, and asked her to deliver the suitcase to Alcivar's sister, Georgina de Rodrigues. The woman opened the suitcase to show petitioner that it contained several new dresses and explained that she was returning the dresses to her sister because she had been unable to sell them in Ecuador. She provided petitioner with an incomplete New Jersey address and a telephone number, which had a New Jersey area code followed by an eight-digit number.

The trial court charged the jury that the Government bore the burden of proving beyond a reasonable doubt that petitioner knew she possessed narcotics. But the court added:

"'[I]t is not necessary for the government to prove to an absolute certainty that [petitioner] knew that she possessed narcotics. [Petitioner's] knowledge may be established by proof beyond a reasonable doubt that [petitioner] was aware, was aware of a high probability that the suitcase contained narcotics unless, despite this high probability, the facts show that [petitioner] actually believed that the suitcase did not contain narcotics.'" Brief for United States 6.

Petitioner's first trial ended in a hung jury. On retrial, she was convicted and sentenced to 60 months' imprisonment. The Court of Appeals for the Second Circuit affirmed. 946 F. 2d 883 (1991) (judgment order).

Petitioner contends that the trial court erred in giving the instruction quoted above because the Government had not argued

that she consciously avoided knowledge that she was transporting drugs and because the instruction allows a conviction on the basis of recklessness or negligence, thereby vitiating the statutory requirement that the Government prove petitioner acted knowingly. She urges that the outcome of her case would have been different had she been tried in another circuit. The Government concedes as much, citing conflicting decisions by the Courts of Appeals for the Ninth and Tenth Circuits, and suggests that we grant certiorari. See *United States* v. *De Francisco-Lopez*, 939 F. 2d 1405 (CA10 1991); *United States* v. *Sanchez-Robles*, 927 F. 2d 1070 (CA9 1991).

I agree with petitioner and the Government that the outcome of a federal criminal prosecution should not depend upon the circuit in which the case is tried. I therefore would grant certiorari to resolve the conflict in the Courts of Appeals.