NAEGELE OUTDOOR ADVERTISING INC., D/B/A NAEGELE OUTDOOR ADVERTISING COMPANY OF THE TRIAD v. CITY OF WINSTON-SALEM

No. 158A94

(Filed 2 June 1995)

**Limitations, Repose, and Laches § 86 (NCI4th); Zoning § 24 (NCI4th)— municipal sign ordinance—inverse condemnation—accrual of claim**

Plaintiff's inverse condemnation claim for the taking of its advertising signs by the enforcement of defendant city's zoning ordinance regulating signs accrued on the date the ordinance was enacted, not at the end of the seven-year amortization period when the nonconforming signs were required to be removed. Therefore, plaintiff's claim was barred by the statute of limitations, whether the applicable statute was the nine-month period in N.C.G.S. § 160A-364.1 or the two-year period in N.C.G.S. § 40A-51, where it was filed more than seven years after the enactment of the ordinance.

**Am Jur 2d, Zoning and Planning §§ 322 et seq.**

Appeal pursuant to N.C.G.S. § 7A-30(2) from a divided decision of the Court of Appeals, 113 N.C. App. 758, 440 S.E.2d 842 (1994), affirming the order entered 14 August 1992 by Webb, J., in Superior Court, Forsyth County. Heard in the Supreme Court 8 May 1995.

*Smith Helms Mullis & Moore, L.L.P., by William Sam Byassee and J. Donald Hobart, Jr., for plaintiff-appellant.*

*City Attorney's Office, by Ronald G. Seeber, City Attorney, and Charles C. Green, Jr., Assistant City Attorney; and Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., for defendant-appellee.*

PER CURIAM.

On 15 April 1985 the Winston-Salem Board of Aldermen adopted a zoning ordinance regulating signs. The part of the ordinance which is the subject of this appeal is the portion dealing with "off-premise grounded signs," defined in the ordinance by reference to size, zones, height, spacing, setback, distance from residential zones, number of faces, measurement, illumination, and view corridors. All signs not in compliance with this portion of the ordinance were required to be removed or brought into compliance within a seven-year amortization period from the date the ordinance was adopted.

By letters dated 22 November 1991 and 22 April 1992, plaintiff was notified to remove its nonconforming signs. Criminal sanctions were threatened for noncompliance with the zoning ordinance. On 11 May 1992 plaintiff filed this action against defendant seeking damages arising out of the enactment of this zoning ordinance regulating signs within the City of Winston-Salem. On defendant's motion pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), the trial court dismissed plaintiff's action for the reason that it was time-barred by the statute of limitations. On 1 March 1994 a divided panel of the Court of Appeals affirmed the decision of the trial court. On 24 March 1994 plaintiff filed a notice of appeal with this Court.

Plaintiff contends that its cause of action did not arise until 15 April 1992, the end of the amortization period when the signs were required to be removed, and that the statute of limitations began to run on that date. We disagree.

In light of this Court's holding in *Capital Outdoor Advertising v. City of Raleigh*, 337 N.C. 150, 446 S.E.2d 289, *reh'g denied*, 337 N.C. 807, 449 S.E.2d 566 (1994), applying *National Advertising Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991), *cert. denied*, 504 U.S. 931, 118 L. Ed. 2d 593 (1992), we conclude that plaintiff's cause of action based on an alleged regulatory taking accomplished by enactment of the Winston-Salem zoning ordinance arose on 15 April 1985, the date

the zoning ordinance at issue was enacted. *Capital Outdoor Advertising v. City of Raleigh* and *National Advertising Co. v. City of Raleigh* were brought pursuant to 42 U.S.C. § 1983 and not pursuant to state law. However, assuming without deciding that the zoning ordinance constituted a taking, we conclude the holding of those cases, that a cause of action for an alleged regulatory taking pursuant to a zoning ordinance accrues upon the enactment of the ordinance, is equally applicable to this action alleging a taking and seeking damages for inverse condemnation pursuant to N.C.G.S. § 40A-51. Any injury to plaintiff's property occurred at the time the statute was enacted. Enactment of the zoning ordinance made plaintiff's billboards nonconforming, thereby subjecting them to removal after the amortization period of seven years. As of 15 April 1985, the consequences of the existence of nonconforming billboards were conclusively set, and the expected useful life of plaintiff's billboards was shortened. We also conclude, contrary to plaintiff's contention, that the sign regulation ordinance was not a project within the meaning of N.C.G.S. § 40A-51.

Having determined that plaintiff's cause of action accrued on 15 April 1985, we do not reach the question whether the nine-month statute of limitations found in N.C.G.S. § 160A-364.1 or the two-year statute of limitations found in N.C.G.S. § 40A-51 applies. Plaintiff did not file suit until 11 May 1992, over seven years after the enactment of the zoning ordinance at issue. Therefore, regardless of which statute is applied, plaintiff's action is barred.

For the reasons stated herein, the decision of the Court of Appeals is affirmed.

AFFIRMED.