DAVID STANDLEY v. TOWN OF WOODFIN, AN INCORPORATED MUNICIPALITY IN THE STATE OF NORTH CAROLINA; AND BRETT HOLLOMAN, CHIEF OF POLICE, IN HIS OFFICIAL CAPACITY

No. 531A07

(Filed 12 June 2008)

**Constitutional Law— use of parks by registered sex offenders—ordinance prohibiting—rational relationship to legitimate government interest**

A town ordinance prohibiting registered sex offenders from entering its parks was rationally related to the legitimate government interest of protecting park visitors from becoming victims of sexual crimes, and was constitutional. Furthermore, plaintiff's asserted liberty interest is not encapsulated by the right to intrastate travel, and the right to freely use the town's parks is not a fundamental right.

**STANDLEY v. TOWN OF WOODFIN**

[362 N.C. 328 (2008)]

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 186 N.C. App. ——, 650 S.E.2d 618 (2007), affirming an order granting summary judgment for defendants and denying summary judgment for plaintiff entered 7 August 2006 by Judge James L. Baker, Jr. in Superior Court, Buncombe County. Heard in the Supreme Court 5 May 2008.

*American Civil Liberties Union of North Carolina Legal Foundation, by Katherine Lewis Parker, Legal Director; and Cloninger, Elmore, Hensley & Searson, P.L.L.C., by Bruce Elmore, Jr., Cooperating Attorney for American Civil Liberties Union of North Carolina Legal Foundation, for plaintiff-appellant.*

*Ferikes & Bleynat, PLLC, by Joseph A. Ferikes, for defendant-appellees.*

BRADY, Justice.

On 19 April 2005, defendant Town of Woodfin (Woodfin) enacted Woodfin Town Ordinance Section 130.03 (the ordinance), which prohibited registered sex offenders, such as plaintiff, from knowingly entering any "public park owned, operated, or maintained" by Woodfin. Plaintiff asserts this ordinance is unconstitutional as violative of the due process right to intrastate travel. We disagree, and therefore affirm the decision of the Court of Appeals.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1987 plaintiff David Standley pleaded nolo contendere to attempted sexual battery and aggravated assault in Florida. After serving an active sentence, plaintiff was released and placed on supervised probation. Plaintiff violated the terms of his probation in 1995, when he was convicted of solicitation of an undercover policewoman posing as a prostitute. As a result of the probation violation, plaintiff was again incarcerated, but in 1999 he was unconditionally released from prison in Florida. In 2004 plaintiff moved to Buncombe County, North Carolina, where he presently resides in Woodfin with his mother. Because of his prior sex offenses, plaintiff is required to register with the North Carolina Sex Offender Registry and has done so. *See* N.C.G.S. § 14-208.7 (2007).

In 1998 plaintiff suffered a stroke, and as a result, he is disabled and never travels without being accompanied by his mother or

another adult who can assist him. Plaintiff would frequently visit Woodfin Riverside Park with his mother before enactment of the ordinance at issue.

Before 19 April 2005, two incidents involving sexual offenses occurred in or near two of the three public parks owned, operated, or maintained by Woodfin. Following these incidents, the Mayor and Board of Aldermen requested that the Town Administrator research and recommend action to best protect the children and other residents of Woodfin. Consistent with this research and recommendation, the Board enacted an ordinance on 19 April 2005, which stated in pertinent part:

> It shall constitute a general offense against the regulations of the Town of Woodfin for any person or persons registered as a sex offender with the state of North Carolina and or any other state or federal agency to knowingly enter into or on any public park owned, operated, or maintained by the Town of Woodfin.

Woodfin, N.C., Ordinance § 130.03(2)(A) (Apr. 19, 2005).

Plaintiff commenced suit against Woodfin by filing a summons and complaint,[1] alleging that the ordinance violated the due process right to travel under the Fourteenth Amendment of the United States Constitution and Article I, sections 19 and 35 of the North Carolina Constitution.[2] Both parties filed motions for summary judgment, and on 7 August 2006, the trial court granted summary judgment in favor of Woodfin and denied plaintiff's motion for summary judgment. Plaintiff appealed, and the Court of Appeals affirmed in a divided opinion. The majority of the Court of Appeals found the ordinance to be constitutional, but the dissenting judge would have held the ordinance was preempted under N.C.G.S. § 160A-174(b) and was unconstitutional.[3] Plaintiff now appeals to this Court as of right pursuant to N.C.G.S. § 7A-30(2).

---

1. Plaintiff also named Brett Holloman, Chief of Police, as a defendant in his official capacity. References throughout this opinion to Woodfin implicitly include Holloman.

2. Plaintiff also alleged the ordinance was vague and overbroad, violated his procedural due process rights, and violated the prohibition against ex post facto laws. None of these issues is before the Court as they were not part of the basis of the dissenting opinion in the Court of Appeals.

3. Plaintiff has failed to present any argument in his brief to this Court concerning this ordinance's alleged preemption by N.C.G.S. § 160A-174(b)(5). Accordingly, we consider this argument abandoned. *See* N.C. R. App. P. 28(b)(6).

**STANDLEY v. TOWN OF WOODFIN**

[362 N.C. 328 (2008)]

## ANALYSIS

The Constitution of the United States preserves a right to *interstate* travel, which the Supreme Court of the United States has found to be a fundamental right. *See Saenz v. Roe*, 526 U.S. 489, 500 (1999) (discussing the three components of the right to travel); *United States v. Guest*, 383 U.S. 745, 757 (1966) ("The constitutional right to travel from one State to another . . . occupies a position fundamental to the concept of our Federal Union."). As a corollary, this Court has recognized a right to *intrastate* travel, stating that "the right to travel upon the public streets of a city is a part of every individual's liberty, protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by the Law of the Land Clause, Article I, § 17, of the Constitution of North Carolina." *State v. Dobbins*, 277 N.C. 484, 497, 178 S.E.2d 449, 456 (1971). "[T]he right to travel on the public streets is a fundamental segment of liberty," and as such its absolute prohibition "requires substantially more justification" than would otherwise be required for state action. *Id.* at 499, 178 S.E.2d at 457-58.

Plaintiff asserts that the ordinance is unconstitutional in that it violates the fundamental right to intrastate travel. We disagree. When reviewing an alleged violation of substantive due process rights, a court's first duty is to carefully describe the liberty interest the complainant seeks to have protected. *See Washington v. Glucksberg*, 521 U.S. 702, 721 (1997). The right to intrastate travel is, as described by the United States Court of Appeals for the Sixth Circuit, "an everyday right, a right we depend on to carry out our daily life activities. It is, at its core, a right of function." *Johnson v. City of Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002), *cert. denied*, 539 U.S. 915 (2003). Plaintiff's alleged liberty interest to enter into Woodfin Riverside Park to have "barbecues and enjoy[] the leisure offered by nature along the riverbank" is not a right of function which one would "depend on to carry out [his] daily life activities." *Id.* As plaintiff's asserted liberty interest is not encapsulated by the right to intrastate travel, we next consider whether his asserted liberty interest to freely roam in parks owned, operated, or maintained by Woodfin is otherwise a fundamental right.

In determining whether plaintiff's asserted liberty interest is fundamental, we must assess whether it is "objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [the liberty interest at issue] were sacrificed." *Glucksberg*, 521 U.S. at

720-21 (internal quotation marks and citations omitted). In undertaking such an analysis, we must tread carefully before recognizing a fundamental liberty interest, which would "to a great extent, place the matter outside the arena of public debate and legislative action" and run the very real risk of transforming the Due Process Clause into nothing more than the "policy preferences of the Members of this Court." *Id.* at 720 (citation omitted).

Precious few rights have been found by the Supreme Court of the United States to be fundamental in nature. Such rights include the right to marry, *Loving v. Virginia,* 388 U.S. 1 (1967), the right to have children, *Skinner v. Oklahoma ex rel. Williamson,* 316 U.S. 535 (1942), and the right to marital privacy, *Griswold v. Connecticut,* 381 U.S. 479 (1965). *See Glucksberg,* 521 U.S. at 727 n.19 (listing others). Plaintiff's asserted liberty interest to enter and freely roam in the park is simply not comparable to those rights deemed fundamental by prior decisions of this Court and the Supreme Court of the United States. *Accord Doe v. City of Lafayette, Ind.,* 377 F.3d 757, 772-73 (7th Cir. 2004) (concluding that "assuming the record would support his contention that he is seeking a right to enter public parks simply to wander and loiter innocently, we cannot characterize that right as 'fundamental' "). Accordingly, we cannot conclude that plaintiff's asserted liberty interest is so "deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it] were sacrificed." *Glucksberg,* 521 U.S. at 720-21 (internal quotation marks and citations omitted).

Because plaintiff's asserted liberty interest is not fundamental, we must determine whether the ordinance meets the rational basis test. *See Rhyne v. K-Mart Corp.,* 358 N.C. 160, 181, 594 S.E.2d 1, 15 (2004) (quoting *Lowe v. Tarble,* 313 N.C. 460, 462, 329 S.E.2d 648, 650 (1985)). "When determining whether a rational basis exists for application of a law, we must determine whether the law in question is rationally related to a legitimate government purpose." *In re R.L.C.,* 361 N.C. 287, 295, 643 S.E.2d 920, 924 (2007) (plurality) (citing *Glucksberg,* 521 U.S. at 728; *Rhyne,* 358 N.C. at 180-81, 594 S.E.2d at 15), *cert. denied,* —— U.S. ——, 128 S. Ct. 615, 169 L. Ed. 2d 396 (2007). In assessing whether there is a legitimate government interest, "[i]t is not necessary for courts to determine the actual goal or purpose of the government action at issue; instead, any conceivable legitimate purpose is sufficient." *Id.* (citing *U.S. R.R. Ret. Bd. v. Fritz,* 449 U.S. 166, 179 (1980)).

**STANDLEY v. TOWN OF WOODFIN**

[362 N.C. 328 (2008)]

This Court has long recognized that the police power of the State may be exercised to enact laws, within constitutional limits, "to protect or promote the health, morals, order, safety, and general welfare of society." *State v. Ballance,* 229 N.C. 764, 769, 51 S.E.2d 731, 734 (1949) (citations omitted). By statute, the State of North Carolina has delegated to municipalities such as Woodfin the authority to, "by ordinance define, prohibit, regulate, or abate acts . . . detrimental to the health, safety, or welfare of its citizens." N.C.G.S. § 160A-174 (2007).

Protecting children and other visitors to parks owned and operated by Woodfin from sexual attacks is certainly a legitimate government interest. The issue is whether the means by which Woodfin sought to achieve this protection are rationally related to this legitimate interest. Plaintiff asserts that Woodfin's prohibition of all registered sex offenders from entering the parks is brought about by " 'vague, undifferentiated fears' regarding a particular group." We disagree. Our General Assembly has recognized "that sex offenders often pose a high risk of engaging in sex offenses even after being released from incarceration or commitment and that protection of the public from sex offenders is of paramount governmental interest." N.C.G.S. § 14-208.5 (2007); *see also Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1, 4 (2003) (discussing the threat posed by sex offenders); *McKune v. Lile,* 536 U.S. 24, 32-33 (2002) (plurality) (same). In fact, released sex offenders are four times more likely to be rearrested for subsequent sex crimes than other released offenders. *See* Patrick A. Langan, et al., U.S. Dep't of Justice, *Recidivism of Sex Offenders Released from Prison in 1994,* at 1 (2003). Thus, Woodfin did not have "vague, undifferentiated fears" of sex offenders, but concerns that were founded on fact. Woodfin has a legitimate government interest in desiring to decrease and eliminate sexual crimes in its parks, and prohibiting those most likely to commit criminal sexual acts—persons previously convicted of such conduct—from entering the town's parks is a rational method of furthering that goal.

## CONCLUSION

Because Woodfin's ordinance prohibiting registered sex offenders from entering its parks is rationally related to the legitimate government interest of protecting park visitors from becoming victims of sexual crimes, we affirm the decision of the Court of Appeals.

AFFIRMED.