DILLON, Judge, dissenting.
I believe that the trial court erred in denying the Town's motions for directed verdict and JNOV regarding Genesis' substantive due process claim. Further, I believe that the trial court erred in granting summary judgment in favor of Genesis on the Town's breach of Lease claim. Accordingly, I respectfully dissent.
*474 I. Genesis' Substantive Due Process Claim
In 1999, the Town entered into an agreement (the "Lease") to lease to Genesis certain property (the "Property") in close proximity to Buckeye Lake. Buckeye Lake is the source of the Town's drinking water. Genesis uses the property to maintain a wildlife refuge.
*356 In 2009, the Town enacted an ordinance (the "Ordinance") prohibiting the housing of animals within 200 feet of Buckeye Lake or of any stream that drains into Buckeye Lake. This Ordinance severely affects Genesis' ability to operate its wildlife refuge on the Property. There is evidence that some Town officials were motivated in passing the Ordinance by a desire of forcing Genesis to move its operation to another site.
I believe that the Town's enactment of the Ordinance may give rise to certain causes of action in favor of Genesis, e.g., an inverse condemnation claim[4] and a breach of contract claim for breach of Lease's implied covenant of good faith and fair dealing[5] . However, I do not believe that the Town's passage of the Ordinance gives rise to a substantive due process claim; and the trial court should have granted the Town's motions for directed verdict and JNOV on these claims.
Here, Genesis' substantive due process claim must fail, whether the challenge is facial or as applied in nature. See Richardson v. Township of Brady, 218 F.3d 508, 513 (6th Cir.2000). ("A zoning ordinance may be challenged as violative of substantive due process either on its face or as applied to a particular parcel of land"). The difference between a facial challenge and an as applied challenge is as follows:
When one makes a "facial" challenge, he or she argues that any application of the ordinance is unconstitutional.. He or she must show that, on its face, the ordinance is arbitrary, capricious, or not rationally related to a legitimate government interest.
*475 When one makes an "as applied" challenge, he or she is attacking only the decision that applied the ordinance to his or her property, not the ordinance in general. In this context, he or she must show that the government action complained of (i.e. denying a permit application) is "truly irrational." (Citing an Eleventh Circuit decision.)
WMX Techs. v. Gasconade County, 105 F.3d 1195, 1198 (8th Cir.1997).
First, the Ordinance is facially valid. That is, it satisfies the rational basis test. Under the rational basis test, a challenged law is upheld "as long as there could be some rational basis for enacting [it]," Rhyne v. K-Mart Corp., 358 N.C. 160, 181, 594 S.E.2d 1, 15 (2004), that is, that "the law in question is rationally related to a legitimate government purpose." Standley v. Town of Woodfin, 362 N.C. 328, 332, 661 S.E.2d 728, 731 (2008).
It is certainly a core function of a municipal government to enact ordinances for the protection of the public water supply[6] . In carrying out this function, it is rational for a municipality to enact ordinances which seeks to protect the public water supply from animal waste contamination[7] . An ordinance which prohibits the housing of animals within a certain distance from the public water supply is an ordinance rationally tailored to protect the water supply from animal waste contamination. And the fact that an ordinance does not address every threat to water contamination at Buckeye Lake does not render the ordinance unconstitutional. Adams *357 v. N.C. Dep't of Natural & Econ. Res., 295 N.C. 683, 693, 249 S.E.2d 402, 408 (1978) (holding that "[t]here is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied").
In the present case, it seems beyond question that the Town's passage of the Ordinance clears the low "rational basis test" hurdle. See Rhyne, 358 N.C. at 181, 594 S.E.2d at 16 (recognizing that "the rational basis test is the lowest tier of review, requiring that a connection between the [ordinance] and a 'conceivable' or 'any' [citations omitted]
*476 legitimate governmental interest"). Further, the fact that the Town chose 200 feet as a buffer is not, in and of itself, particularly concerning. As the United States Supreme Court has instructed,
[a] classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality. The problems of government are practical ones and may justify, if they do not require, rough accommodations-illogical, it may be, and unscientific.
Heller v. Doe, 509 U.S. 312, 321, 113 S.Ct. 2637, 2643, 125 L.Ed.2d 257 (1993) (internal marks and citations omitted). See also Schenck v. City of Hudson, 114 F.3d 590, 593-94 (6th Cir.1997) ("A legislative body need not even select the best of the least restrictive method of attaining its goals so long as the means selected are rationally related to those goals") (citations omitted).
Admittedly, there is strong evidence that the Town drafted the Ordinance in a way to ensure that Genesis' operation would fall within its ambit. However, this evidence does not render the Ordinance facially invalid. The Ordinance is drafted rationally and is not limited in scope in an arbitrary or irrational way. Rather, the Ordinance sets an unambiguous buffer (200 feet)-which may not be scientific but is otherwise not irrational-and its scope is uniform: the buffer is around all of Buckeye Lake and all streams that flow into Buckeye Lake[8] .
Second, I do not believe that Genesis has a valid as applied substantive due process claim. Specifically, there is no evidence that the Town has irrationally applied the Ordinance to Genesis' operation. There is no evidence that the Town has singled out or targeted Genesis for enforcement or that the Town is not enforcing the Ordinance to all similarly situated properties within the 200-foot buffer. See Dunes W. Golf Club v. Town of Mt. Pleasant, 401 S.C. 280, 301, 737 S.E.2d 601, 612 (rejecting an as applied substantive due process claim, holding that an ordinance which applies uniformly to all similarly situated properties is "inherently" not arbitrary). Rather, here, the action complained *477 of consists merely of the Town enforcing a facially-valid Ordinance exactly as it is written against one who is acting in clear violation of the Ordinance's language. See also Rogin v. Bensalem Township, 616 F.2d 680, 689 (3rd Cir.1980) (stating that the test in an as applied challenge is whether it was "irrational" for the town to apply the ordinance to a specific lot).
The fact that the Town may have had Genesis in mind in drafting the Ordinance does not give rise to an as applied challenge, where there is no evidence that the Town is not enforcing the ordinance uniformly. Governmental bodies routinely enact regulations to address some activity already occurring within their jurisdiction.[9] But the passage of a generally-applicable regulation does not give rise to a substantive due process claim by the party whose activity may have motivated *358 the municipality to act, as long as the regulation is rationally tailored to address a legitimate concern, see Turner Broad. Sys. v. FCC, 512 U.S. 622, 652, 114 S.Ct. 2445, 2464, 129 L.Ed.2d 497 (1994) (stating that a Court will generally concern itself with some "alleged illicit legislative motive" where there is otherwise a conceivable rational motive), and the law is rationally applied to the lot in question, see WMX Techs., supra.[10]
In sum, the Ordinance on its face is not arbitrary in a constitutional sense, notwithstanding evidence that the Town drafted the Ordinance with Genesis in mind. See United States v. O'Brien, 391 U.S. 367, 383, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968) ("Inquiries into congressional motives or purposes are a hazardous matter"). There is a rational basis for the Ordinance. Further, the Ordinance has not been applied arbitrarily to Genesis' operation. Rather, the buffer is unambiguous (200 feet) and applies uniformly to all property near Buckeye Lake and to all streams feeding into Buckeye Lake. Genesis may have other claims against the Town for the Town's action.
*478 However, my vote is to reverse the trial court's denial of the Town's motions for directed verdict and JNOV on Genesis' substantive due process claim.
II. Breach of Lease Summary Judgment
My vote is to reverse the trial court's grant of summary judgment in favor of Genesis on the Town's breach of Lease claim.
The Lease provides that Genesis shall not use or permit the Leased Premises to be used "for any purpose which violates any law." The majority holds that since it is not illegal to operate a wildlife refuge and education center, there is no breach of the Lease. However, I believe that the majority reads the Lease provision far too narrowly.
While I agree with the majority that the "illegal purpose" provision in the Lease prevents Genesis from engaging in activities which are illegal, e.g., operating a gambling casino, I believe that the plain reading of the provision language also allows a landlord to declare a default where the tenant purposefully persists in violating zoning, setback, building, or other ordinances in the use of the landlord's property. To me, it seems beyond question that a landlord can declare a default where the tenant persists in violating laws concerning how the landlord's land may be used.
Here, there is evidence that Genesis has persisted in violating certain ordinances regarding the maintenance of certain structures and the housing of animals on the Property. Accordingly, I believe that there is a genuine issue of material fact that Genesis has breached the Lease provision preventing Genesis from using the Property for a "purpose which violates any law."

See, e.g., Naegele Outdoor Advertising v. City of Winston-Salem, 340 N.C. 349, 350-51, 457 S.E.2d 874, 874-75 (1995) (recognizing inverse condemnation claim based on regulatory taking occasioned by the passing of an ordinance).

See Smith v. State, 289 N.C. 303, 322, 222 S.E.2d 412, 425 (1976) (holding that government entity waives immunity from breach of contract claims when it enters into a contract). See also Bicycle Transit Authority v. Bell, 314 N.C. 219, 228, 333 S.E.2d 299, 305 (1985) (holding that"[i]n every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement").

See Trenton v. New Jersey, 262 U.S. 182, 185, 43 S.Ct. 534, 67 L.Ed. 937 (1923) ; Falls Church v. Fairfax County, 272 Fed.Appx. 252, 256 (4th Cir.2008) ("the provision and regulation of a healthful public water supply is at the core of [governmental] police power"); N.C. Gen.Stat. § 160A-312(b) ("A city shall have full authority to protect and regulate [water systems]").

See, e.g., Craig v. County of Chatham, 356 N.C. 40, 52, 565 S.E.2d 172, 180 (2002) (recognizing government's authority to prohibit the operation of hog farms within a certain distance from an occupied residence).

Had the Town limited the Ordinance's reach territorially to property located near the particular stream or section of Buckeye Lake where Genesis operates, perhaps then Genesis would have an actionable constitutional challenge. In such a case, though protecting the water supply from animal waste is a legitimate function of the Town, there might be no rational basis to have singled out the particular stream or section of the Lake where Genesis has its operation. Here, though, the Ordinance is not so limited, but rather applies generally to all properties near the Lake and streams supplying the public water.

For instance, ordinances which prohibit adult establishments in certain areas are constitutional, even if enacted with the motivation to prevent a particular establishment from operating at a particular location. See, e.g., D.G. Restaurant Corp. v. Myrtle Beach, 953 F.2d 140 (1991) ; Cricket Store 17 v. City of Columbia, 97 F.Supp.3d 737 (2015) ("as applied" challenge).

Our Court has held that legislation which established a general buffer and size restriction for landfills was constitutional even though the purpose of the legislation may have been to prevent a particular company from constructing certain landfills near our coast. Waste Industries USA v. State, 220 N.C.App. 163, 180, 725 S.E.2d 875, 887-88 (2012) (applying rational basis test). Specifically, the Court noted that the legislation did not totally prohibit large landfills, but merely restricted where they could be built and the restrictions were rationally related to address a legitimate governmental concern. Id. at 180, 725 S.E.2d at 888.