IN THE SUPREME COURT OF NORTH CAROLINA

No. 59A23

Filed 22 March 2024

HALIKIERRA COMMUNITY SERVICES LLC

v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH BENEFITS; MEDICAL REVIEW OF NORTH CAROLINA, INC. d/b/a THE CAROLINAS CENTER FOR MEDICAL EXCELLENCE; KAY COX, in her individual capacity; PATRICK PIGGOTT, in his individual capacity

Appeal pursuant to N.C.G.S. § 7A-27(a)(2) from an order and opinion entered on 27 September 2022 by Special Superior Court Judge for Complex Business Cases Michael L. Robinson in Superior Court, Wake County, after the case was designated a mandatory complex business case by the Chief Justice pursuant to N.C.G.S. § 7A-45.4(a). Heard in the Supreme Court on 13 February 2024.

*Ralph T. Bryant Jr.; and Q Byrd Law, by Quintin D. Byrd, for plaintiff-appellant.*

*Joshua H. Stein, Attorney General, by Ryan Y. Park, Solicitor General, John H. Schaeffer, Assistant Attorney General, James W. Whalen, Solicitor General Fellow, and Mary Elizabeth D. Reed, Solicitor General Fellow, for defendant-appellee North Carolina Department of Health and Human Services, Division of Health Benefits.*

*No brief filed for defendant-appellees Medical Review of North Carolina, Inc. d/b/a The Carolinas Center for Medical Excellence, Kay Cox, and Patrick Piggott.*

RIGGS, Justice.

This appeal requires us to determine whether summary judgment was

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

properly entered against plaintiff Halikierra Community Services LLC (Halikierra) on its substantive due process and equal protection violation claims against defendant North Carolina Department of Health and Human Services (DHHS)[1] after DHHS placed Halikierra on Medicaid reimbursement prepayment review. We hold that the trial court properly granted summary judgment for DHHS because Halikierra's evidentiary forecast failed to disclose any genuine issues of material fact in support of its claims.

## I.    Factual and Procedural History

Beginning in 2009, Halikierra provided home personal care services to Medicaid beneficiaries through the North Carolina Medicaid Program. DHHS, which administers the Medicaid program, received reimbursement requests from Halikierra in connection with the provision of personal care services; once received, DHHS would ordinarily remit the Medicaid reimbursement to Halikierra.

DHHS received several Medicaid overbilling complaints relating to Halikierra's services between 2015 and 2017, leading DHHS to conduct several post-payment audits. In carrying out these audits, DHHS inspected Halikierra's supporting documentation, determined that Halikierra had erroneously received excess Medicaid reimbursement funds on at least three occasions, and recovered those excess sums from Halikierra. DHHS also compared Halikierra's billing

---

[1] Halikierra's appeal only concerns claims against DHHS, and discussion of the other named defendants is therefore omitted from this opinion.

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

patterns to comparable personal care providers, which showed an outsized volume of billing compared to its peers. Independent of these investigations into Halikierra's billing practices, DHHS received a complaint that Halikierra was operating out of unlicensed locations.

In October 2017, DHHS resolved to place Halikierra on prepayment review. Under this statutory auditing regime, DHHS held any reimbursements to Halikierra pending investigation. DHHS informed Halikierra of its decision by letter dated 4 June 2018, which stated that "[i]dentification of aberrant billing practices as a result of investigations" and "[d]ata analysis performed by [DHHS]" merited prepayment review. These stated bases conformed with the statute governing prepayment claims review, N.C.G.S. § 108C-7(a) (2023), which authorizes such action on those precise grounds.

By August 2018, DHHS had referred Halikierra to the North Carolina Attorney General's Office for investigation into potential fraud. DHHS suspended Halikierra's Medicaid participation that same month on suspicion that it was billing for services not rendered, hiring and providing services through unauthorized personnel, and operating out of unlicensed facilities. DHHS's own audit through an independent investigator, completed in September 2018, revealed $530,579 in suspicious reimbursement claims; DHHS ultimately denied $982,789.50 of the $1,129,733.27 in Medicaid reimbursement claims submitted by Halikierra during the prepayment review period. Halikierra's participation in Medicaid was subsequently

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

terminated on 2 October 2018.

Halikierra filed a petition with the Office of Administrative Hearings on 13 December 2018, challenging DHHS's denial of its Medicaid reimbursement claims. The Office of Administrative Hearings subsequently upheld DHHS's actions in its Final Decision.

Outside the administrative petition, Halikierra filed suit in the Superior Court, Wake County against DHHS alleging, *inter alia*, that DHHS's decision to place Halikierra on prepayment review violated its substantive due process and equal protection rights under the North Carolina Constitution. The matter was subsequently designated a mandatory complex business case. On 27 September 2022, the trial court granted summary judgment for DHHS on all pending claims. Halikierra subsequently filed timely notice of appeal, asserting error as to the dismissal of its substantive due process and equal protection claims against DHHS.

## II.    Analysis

Halikierra's argument on appeal is straightforward: DHHS acted arbitrarily and capriciously in placing Halikierra on prepayment review because DHHS had no established policies or procedures for doing so. Moreover, Halikierra contends, the evidence reveals inconsistent and contradictory bases behind DHHS's prepayment review decision. We hold the trial court did not err in granting summary judgment to DHHS on these claims.

### A. Standard of Review

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2023). These materials are considered in the light most favorable to the nonmovant. *Morrell v. Hardin Creek, Inc.*, 371 N.C. 672, 680 (2018). Material issues are those that "constitute a legal defense, or would affect the result of the action[,]" while genuine issues are those that "may be maintained by substantial evidence." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518 (1972). The movant "bears the initial burden of demonstrating the absence of a genuine issue of material fact. If the movant successfully makes such a showing, the burden then shifts to the nonmovant to come forward with specific facts establishing the presence of a genuine factual dispute for trial." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579 (2002) (citation omitted). We review a trial court's summary judgment ruling de novo. *N.C. Farm Bureau Mut. Ins. Co. v. Martin*, 376 N.C. 280, 285 (2020).

## B. Substantive Due Process

The Law of the Land Clause in Article 1, Section 19 of the North Carolina Constitution—like its federal analogue found in the Fourteenth Amendment to the United States Constitution—serves "to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private rights and distributive justice." *Gunter v. Sanford*, 186 N.C. 452, 456 (1923)

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

(cleaned up). "When reviewing an alleged violation of [these] substantive due process rights, a court's first duty is to carefully describe the liberty interest the complainant seeks to have protected." *Standley v. Town of Woodfin*, 362 N.C. 328, 331 (2008). Restrictions on fundamental rights—those rights that are "a part of every individual's liberty," *State v. Dobbins*, 277 N.C. 484, 497 (1971)—are subject to strict scrutiny, *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 180 (2004). When the right involved is not fundamental, we apply the rational basis test and ask "whether the [government action] in question is rationally related to a legitimate government purpose." *Standley*, 362 N.C. at 332 (cleaned up). Under this test, "any conceivable legitimate purpose is sufficient," *id.* (cleaned up), and the act is not arbitrary so long as it bears a "rational . . . relation to the public health, morals, order, or safety, or the general welfare," *G I Surplus Store, Inc. v. Hunter*, 257 N.C. 206, 210 (1962) (cleaned up).

Neither party asserts that a fundamental right is implicated by DHHS's action in this case. And Halikierra does not argue that the prepayment review program violates substantive due process; instead, it argues only that the selection of Halikierra was unconstitutionally arbitrary under the Law of the Land Clause. Because any or all of the reasons for which Halikierra was placed on prepayment review are rationally related to a legitimate governmental interest, we hold that Halikierra has failed to establish a constitutional substantive due process violation.

The forecast of evidence produced below shows that Halikierra was selected for prepayment review on several grounds. One DHHS investigator, Kay Cox, testified

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

that the adverse post-payment audits, consumer complaints, and data analysis showing comparatively outsized billing volumes were submitted to Patrick Piggott, the final decisionmaker at DHHS, for consideration of prepayment review. Mr. Piggott's testimony was largely consistent with Ms. Cox's,[2] as he identified both the prior investigation and DHHS's data analytics analysis as the bases for his decision. These unfavorable inquiries into Halikierra's billing practices provided a rational basis for placing Halikierra on prepayment review, which purpose is to combat Medicaid fraud and "ensure that claims presented by a provider for payment by [DHHS] meet the requirements of federal and State laws and regulations" through investigation of "credible allegations of fraud, identification of aberrant billing practices as a result of investigations, [and] data analysis performed by [DHHS]." N.C.G.S. § 108C-7(a) (2023).[3]

To be sure, an agency may act arbitrarily and capriciously for substantive due process purposes when it is granted unfettered discretion over a decision and fails to promulgate and adhere to policies governing that process. *See In re Ellis*, 277 N.C. 419, 425–26 (1970) (observing that government action violates the substantive due

---

[2] Mr. Piggott testified that Ms. Cox would have only been assigned to review Halikierra *after* it was placed on prepayment review. This contradiction in the testimony is ultimately immaterial to the question of *why* Halikierra was selected for prepayment review, as Mr. Piggott's stated bases for doing so were consistent with those offered by Ms. Cox. Moreover, rational basis review is satisfied "[a]s long as there could be *some* rational basis." *Lowe v. Tarble*, 313 N.C. 460, 462 (1985) (emphasis added).

[3] Halikierra does not contend in its principal brief that this statute is ambiguous or that these statutory criteria were not met based on the evidence presented.

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

process clauses of the state and federal constitutions when decisionmakers, "in the absence of standards, . . . could [render their decision] for a good reason, for a bad reason, or for no reason" (cleaned up)). And agencies may insulate themselves from prospective substantive due process challenges by creating and faithfully implementing such policies. While Halikierra may make sound policy arguments for why more detailed policies and procedures are desirable or even necessary, this Court cannot, on these facts, find error in the trial court's ruling. The prepayment review statute in this case identifies the public purposes for which prepayment review may be exercised, and the rationales presented by the evidence for placing Halikierra on prepayment review fall within those enumerated therein. Because this case does not implicate fundamental rights and the evidence shows that DHHS's prepayment review placement decision was rationally related to a legitimate governmental interest, Halikierra has failed to demonstrate a genuine issue of material fact in support of its substantive due process claim.[4]

## C. Equal Protection

Like substantive due process, equal protection claims under the North Carolina Constitution are subjected to either strict scrutiny or rational basis review,

---

[4] Halikierra asserts that our ruling would permit an official to "make [prepayment review] decisions to benefit[ ] [a] criminally minded individual[,] . . . to feed [a] personal vice[,] . . . [or out of] personal ill will." We do not so hold, and nothing in the record remotely suggests that any of these events occurred here. There are limits to the deference of rational basis review, but we do not find the facts in this case require us to probe the contours of those limits.

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

with the former standard applicable to restrictions of fundamental rights or members of a suspect class. *Rhyne*, 358 N.C. at 180. For example, government action treating persons differently or more harshly than a similarly situated person or entity on the basis of race mandates the exacting standards of strict scrutiny review. *Miller v. Johnson*, 515 U.S. 900, 904 (1995). Other claims unrelated to disparate treatment of suspect classes or restrictions of fundamental rights, however, are subject to less stringent rational basis review. Under this standard, a claimant must establish that "he received treatment different from others similarly situated," *Maines v. City of Greensboro*, 300 N.C. 126, 132 (1980), and that such disparate treatment did not "bear some rational relationship to a conceivable legitimate governmental interest," *Texfi Indus., Inc. v. City of Fayetteville*, 301 N.C. 1, 11 (1980).

Here, Halikierra does not directly allege that it was treated differently or more harshly on any basis that would trigger strict scrutiny review. Nor has it introduced any evidence that would support such allegations. Without allegations or evidence disclosing that strict scrutiny applies, we proceed under rational basis review.

The parties' evidentiary proffers do not demonstrate disparate treatment of Halikierra from those similarly situated; none of the evidence produced below demonstrates that other personal care providers with outsized billing volumes, prior adverse post-payment audits, and a record of consumer complaints were not placed on prepayment review like Halikierra was. Nor has Halikierra identified evidence showing that DHHS utilized a different decision-making process than that used to

HALIKIERRA CMTY. SERVS. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

place other Medicaid providers on prepayment review. The burden fell to Halikierra to produce such evidence once DHHS made its initial showing that there were no genuine issues of material fact on this claim. *See Liberty Mut. Ins. Co.*, 356 N.C. at 579. Halikierra has not done so here, and on the record before us, we affirm the trial court's order granting summary judgment on this claim.

### III.    Conclusion

For the foregoing reasons, we affirm the trial court's order granting summary judgment in favor of DHHS and dismissing Halikierra's claims.

AFFIRMED.